UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS BONDURANT,<br><br>           Plaintiff,<br><br>    v.<br><br>F. GONZALES, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:11-cv-00159-GBC (PC)<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 4) |

**ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Travis Bondurant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 28, 2011, Plaintiff filed his original Complaint and he consented to Magistrate Judge jurisdiction on February 2, 2011. (ECF Nos. 1 & 8.) Plaintiff then filed a First Amended Complaint on March 17, 2011. (ECF No. 12.) No other parties have appeared in this action.

Pending before the Court is Plaintiff's motion titled "Order to Show Cause for Preliminary Injunction" filed on January 28, 2011. (ECF No. 4.) The document appears

to be a proposed order requiring Defendants to show cause as to why a preliminary injunction should not be issued against them. The Court construes this filing as a motion for injunctive relief.

## II. LEGAL STANDARDS

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and, in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998).

The standard for a permanent injunction is essentially the same as for a preliminary

injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success.  See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12 (1987).  However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor.  Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).  Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff."  Committee of Central American Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984)).

**III.   ANALYSIS**

In the instant motion, Plaintiff fails to meet all of the legal standards required to be granted an injunction.  To succeed on a motion for such relief, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  Plaintiff has not met any of these standards.  The motion

merely makes statements regarding "rogue claims of gang affiliation", improper administrative segregation placement, insufficient law library access, among other things. First, Plaintiff has not demonstrated that he will succeed on the merits of his case. He does not address the merits of his case at all. Second, he does not refer to any irreparable harm. Finally, Plaintiff does not address the balance of equities or the public interest components at all.

Based on the foregoing, the Court finds that Plaintiff's motion for a preliminary injunction should be denied. The Court recognizes that Plaintiff's First Amended Complaint, which is yet to be screened, also requests similar injunctive relief. In the event the Court finds that the Complaint states a cognizable claim, the Court will revisit Plaintiff's request for injunctive relief as outlined in the Complaint.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Motion for Preliminary Injunction is denied.

IT IS SO ORDERED.

Dated:   April 28, 2011

UNITED STATES MAGISTRATE JUDGE