UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS BONDURANT,<br><br>        Plaintiff,<br><br>    v.<br><br>F. GONZALEZ, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:11-cv-00159-GBC (PC)<br><br>ORDER DENYING REQUEST FOR ENTRY OF DEFAULT, DENYING MOTION REQUIRING DEFENDANTS TO REPLY, DENYING MOTION FOR INJUNCTIVE RELIEF, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 22, 21, 20, & 15) |

**ORDER**

I. **PROCEDURAL HISTORY**

Plaintiff Travis Bondurant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff began this action on January 28, 2011. (ECF No. 1.) Plaintiff then filed a First Amended Complaint on March 17, 2011. (ECF No. 12.) Plaintiff's Complaint has yet to be screened by this Court.

II. **DEFENDANTS: DEFAULT & REQUIRED RESPONSE**

On June 3, 2011, Plaintiff filed a document entitled "Declaration for Entry of Default". (ECF No. 22.) The Court construes this filing as a request to enter default against the Defendants based on their failure to plead or otherwise defend against this action. On May 9, 2011, Plaintiff filed a document entitled "Notice of Motion for Defendant to Reply". (ECF No. 21.) In it, Plaintiff requests that the Court order Defendants to respond to his

Complaint.

As Plaintiff was informed in the New Case Documents issued by the Court on January 31, 2011 (ECF No. 6), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Because of its large caseload, the Court has yet to screen Plaintiff's Complaint.

The Court will screen Plaintiff's Complaint in due course. The Court will direct the United States Marshal to serve Plaintiff's Complaint only after the Court has screened the Complaint and determined that it contains cognizable claims for relief against the named Defendants. Defendants are required to answer or otherwise defend against Plaintiff's Complaint only after they have been properly served. Fed. R. Civ. P. 12. The default provisions of Rule 55(a) are not implicated until after service has occurred.

Accordingly, Plaintiff's request for entry of default (ECF No. 22) is DENIED and Plaintiff's request for an order requiring Defendants to respond (ECF No. 21) is DENIED.

**III.     INJUNCTIVE RELIEF**

Plaintiff filed a Motion for Injunctive Relief on May 9, 2011. (ECF No. 20.) In it, Plaintiff requests a return to double cell status and group yard.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and, in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998).

The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12 (1987). However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." Committee of Central American Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984)).

Plaintiff fails to meet the all of the legal standards required to be granted an injunction. To succeed on a motion for such relief, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Plaintiff has not met any of these standards. In fact, Plaintiff does not address any of these standards even though he was previously notified of them in his prior motions for injunctive relief.

The current motion merely makes statements regarding Plaintiff's single cell status and walk alone yard and that he would like his full liberties restored. First, Plaintiff has not demonstrated that he will succeed on the merits of his case. He does not address the merits of his case at all. Second, he does not refer to any irreparable harm that he is likely to suffer. Finally, Plaintiff does not address the balance of equities or the public interest components at all.

Based on the foregoing, the Court finds that Plaintiff's motion for injunctive relief (ECF No. 20) is DENIED. The Court recognizes that Plaintiff's First Amended Complaint, which is yet to be screened, also requests similar injunctive relief. In the event the Court finds that the Complaint states a cognizable claim, the Court will revisit Plaintiff's request for injunctive relief as outlined in the Complaint.

## IV. **APPOINTMENT OF COUNSEL**

On April 22, 2011, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 15.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will

seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

Accordingly, Plaintiff's motion for the appointment of counsel (ECF No. 15) is DENIED.

## V.   CONCLUSION & ORDER

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's request for Entry of Default (ECF No. 22) is DENIED;
2. Plaintiff's Motion for Defendant to Reply (ECF No. 21) is DENIED;
3. Plaintiff's Motion for Injunctive Relief (ECF No. 20) is DENIED; and
4. Plaintiff's Motion for Appointment of Counsel (ECF No. 15) is DENIED.

IT IS SO ORDERED.

Dated:   June 16, 2011                                    _____
                                                          UNITED STATES MAGISTRATE JUDGE