UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRAVIS BONDURANT, | | CASE NO.   1:11-cv-00159-GBC (PC) |
| | Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION |
| v. | | |
| F. GONZALEZ, et al., | | (ECF Nos. 26 & 27) |
| | Defendants. | |
| _____ / | | |

    Plaintiff Travis Bondurant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff began this action on January 28, 2011.  (ECF No. 1.)  Plaintiff then filed a First Amended Complaint on March 17, 201, which was dismissed with leave to amend for failure to state a claim on July 28, 2011.  (ECF Nos. 12 & 28.)  Plaintiff has not yet filed another amended complaint.

    Pending before the Court are two motions for reconsideration both filed July 19, 2011.  (ECF No. 26 & 27.)  Plaintiff requests that the Court reconsider its denial of Plaintiff's motion requesting that Defendants reply in this action.  (ECF Nos. 24 & 26.) Plaintiff also requests that the Court reconsider its denial of his motion for appointment of counsel.  (ECF Nos. 24 & 27.)

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has offered no new evidence, no indication of any error committed by the Court, nor has he cited any change in the controlling law. Plaintiff does not offer any new or different facts or circumstances. In fact, Plaintiff does not offer any argument as to why the Court's Order was wrong.

//

///

Because Plaintiff did not meet his burden as the party moving for reconsideration, his motions are HEREBY DENIED.

IT IS SO ORDERED.

Dated:   September 2, 2011

UNITED STATES MAGISTRATE JUDGE