# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS BONDURANT,<br><br>    Plaintiff,<br><br>    v.<br><br>F. GONZALEZ, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-00159-GBC (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>Doc. 33 |

**I. Procedural History, Screening Requirement, and Standard**

On January 28, 2011, Plaintiff Travis Bondurant ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On March 17, 2011, Plaintiff filed a first amended complaint. Doc. 12. On July 28, 2011, the Court issued a screening order, dismissing Plaintiff's first amended complaint, with leave to amend. Doc. 28. On October 17, 2011, Plaintiff filed his second amended complaint. Doc. 33.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*,129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Allegations in Plaintiff's Second Amended Complaint

In Plaintiff's second amended complaint, he names T. Steadman, Chief Deputy Warden and C. Eubanks, Correctional Officer, who were employed at California Correctional Institution at Tehachapi. 2d Am. Compl. at 1-3, Doc. 33.

Plaintiff alleges that on October 30, 2009, he was charged with battery on his cellmate. *Id.*

at 3. Plaintiff was issued a disciplinary 115 and had placed on single cell status and walk alone yard. *Id.* In November 2009, Plaintiff was found not guilty of the charge and the 115 was dismissed. *Id.* On November 7, 2009, Plaintiff appeared before the classification committee for a hearing to review his program status of being single cell and walk alone. *Id.* The hearing was conducted under the orders of Chief Deputy Warden T. Steadman, who refused to remove him from single cell an walk alone status, basing his decision on Plaintiff's disciplinary history (the dismissed 115). *Id.* On March 16, 2010 and April 13, 2010, Plaintiff attended hearings, and Steadman denied reinstatement of cell and yard status. *Id.* On October 14, 2010, Plaintiff was released from the segregated housing unit, but he was retained in administrative segregation due to enemy concerns. *Id.* His cell and yard status were not reinstated. *Id.* On January 19, 2011, Plaintiff received a confidential memorandum or information disclosure stating that Plaintiff would be in jeopardy if he was released to general population. *Id.* He also received an ad-seg placement notification. *Id.* Since November 7, 2009, Steadman's story changed to keep Plaintiff single cell and walk alone. *Id.* Officer Eubanks' authorization of the confidential memorandum or disclosure form states that because Plaintiff believes in aliens, he is being targeted for assault. *Id.* Eubanks may be deemed a reliable source for information, but the information he is providing is not reliable. *Id.* All confidential information is not reliable. *Id.*

For relief, Plaintiff asks the Court to prove the confidential sources and all information reliable, to restore his cell status, to allow him to return to general population, nominal damages of $100, compensatory damages of $5,000 against each defendant, and punitive damages of $180,000 against each defendant. *Id.*

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. Supervisory Liability and Linkage

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or

1  directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff states his hearing was conducted under the orders of Chief Deputy Warden T. Steadman. Compl. at 3. Plaintiff's bare allegations that the hearings were conducted under orders of Steadman is insufficient to hold him liable based on his position of authority as Plaintiff has not alleged any facts linking him to acts or omissions, which suggest he participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against Defendant Steadman based upon supervisory liability.

### B. Violation of State Prison Rules and Regulations

Violations of state prison rules and regulations, without more, do not support any claims under § 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

### C. Fourteenth Amendment Due Process

Plaintiff alleges his placement in segregated housing, on single cell status, on walk alone yard, and in administrative segregation violated his right to due process.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the

procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Austin*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Austin*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts supporting the existence of a liberty interest in remaining free from segregated housing, single cell status, walk alone yard, or administrative segregation, which precludes him from bringing a due process claim. *Wilkinson*, 545 U.S. at 221; *Sandin*, 515 U.S. at 484; *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997). Furthermore, Plaintiff has not shown that he was denied the minimal protections he was due under federal law. *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974); *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin*, 515 U.S. 472.

Plaintiff's due process claim fails because he has not identified the existence of a protected liberty interest. Plaintiff's placement in segregated housing, on single cell status, on walk alone yard, and in administrative segregation do not implicate a protected interest, and the absence of an identifiable interest precludes the finding of a viable due process claim. *Austin*, 545 U.S. at 221.

Although Plaintiff complains of the reliance on confidential sources, the hearing officer is entitled to weigh the evidence and assess the credibility of witnesses. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The Constitution requires only that there be some evidence to support the conviction and the standard is not stringent. *Hill*, 472 U.S. at 455-56. Here, Plaintiff's allegations indicate there was some minimal evidence supporting his placement in segregated housing, on single cell status, on walk alone yard, and in administrative segregation, and Plaintiff's disagreement with hearing officer's weight and credibility assessments will not support a federal claim. *Id.* Finally,

Plaintiff's unsupported allegations of falsity, which are sprinkled throughout his brief complaint, amount to nothing more than legal conclusions, which cannot support a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the violations of due process.

### IV. Conclusion

Plaintiff's second amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court finds that further leave to amend is not warranted.

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Court HEREBY ORDERS that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983.

IT IS SO ORDERED.

Dated:   April 23, 2012

_____
UNITED STATES MAGISTRATE JUDGE